**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Wayne Hadley,<br>Petitioner,<br>v.<br>Charles Ryan, et al.,<br>Respondents. | No. CV18-8076-PCT-DGC (DMF)<br>**ORDER** |

Michael Wayne Hadley has filed a habeas corpus petition under 28 U.S.C. § 2254. Docs. 1, 4. Magistrate Judge Deborah M. Fine issued a report recommending the Court deny the petition ("R&R"). Doc. 19. Petitioner filed an objection, and the government responded. Docs. 20, 22. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.  Background.**

Petitioner was indicted in the Yavapi County Superior Court on a series of counts related to the sexual abuse of his stepdaughter. Doc. 19 at 2. A jury found him guilty on one count of attempted molestation of a child, three counts of sexual conduct with a minor, one count of sexual abuse, and one count of continuous sexual abuse. *Id.* at 3. He was sentenced to 80 years in prison. *Id.* at 3.

Petitioner raises nine grounds for relief in his habeas petition. Docs. 1, 4, 19 at 7-8. Judge Fine recommends denying relief on grounds one through eight as procedurally defaulted and ground nine on the merits. Doc. 19 at 13-26. Petitioner objects to Judge

Fine's recommendation to deny relief on grounds one and three and her finding that Petitioner procedurally defaulted his claims without excuse. Doc. 20. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**II.     Discussion.**

       **1.     Objection Regarding Grounds One and Three.**

In his objection, Petitioner alleges defects in his state court proceedings and restates the ineffective assistance of counsel ("IAC") claims he asserted in his habeas petition. He argues that his counsel was ineffective for failing to overcome the trial court's evidentiary rulings and for failing to challenge Arizona's child molestation statute as unconstitutional. Docs. 20 at 5-6; 20-1 at 4-6. Although not entirely clear, the Court will construe Petitioner's arguments as objections to Judge Fine's recommendation to deny relief on grounds one and three. Doc. 19 at 13, 17. The Court will review these recommendations de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner first argues that his trial counsel failed to overcome the trial court's evidentiary rulings regarding certain evidence. Doc. 20 at 5-6. This evidence was presented in ground one of his petition, and includes taped conversations that D.W., the victim in this case, had with an adult male named Brian Mick; D.W.'s Child Protective Services reports; and D.W.'s psychological reports from Kansas. *Id.* at 1-8; Doc. 19 at 6-7. Petitioner argues that Judge Fine "overlooked" his counsel's failure to get this evidence introduced as part of the "many errors which undermined the proper functioning of the trial." Doc. 20 at 1.

Based upon a review of the record, including Petitioner's pleadings on direct appeal (Doc. 15-11 at 132, 166), his first post-conviction relief petition (Doc. 15-5 at 62), his petition for review from the denial of post-conviction relief (Doc. 15-12 at 2), the Arizona Court of Appeals' memorandum decisions denying relief in both state-court proceedings (Doc. 15-11 at 183), and the Arizona Supreme Court's order summarily denying review on direct appeal (Doc. 15-11 at 181), the Court finds that Petitioner never fairly presented this

1  IAC argument in state court. Although Petitioner challenged the trial court's rulings on the evidence at issue here, he did not argue that his counsel was ineffective in failing to overcome those rulings. *See, e.g.*, Doc. 15-11 at 135, 168; Doc. 15-12 at 3; *see Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004) (holding that to be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory). Accordingly, these claims were never properly presented in state court.

Petitioner also contends that his counsel was ineffective for failing to challenge Arizona's child molestation statute as unconstitutional. Doc. 21-1 at 6. But Petitioner failed to exhaust this claim in state court. Doc. 19 at 17. Although he did raise the claim in a successive post-conviction relief petition (Doc. 15-12 at 44-49, 58-63), he withdrew the petition and moved instead to proceed with a habeas petition before this Court (*Id.* at 77). This claim is thus procedurally defaulted.[1]

Arizona's procedural rules bar review of claims not raised on direct appeal or in prior Rule 32 post-conviction proceedings. *See, e.g.*, *Stewart v. Smith*, 536 U.S. 856, 860 (2002). Because a federal court cannot grant habeas relief on claims that a state prisoner never properly presented to the state courts, the Court will accept Judge Fine's recommendation and will reject Petitioner's grounds one and three arguments as procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

### 2. Argument Regarding Denial of Funds for a Defense Expert.

Petitioner also argues that his due process rights were violated because he was denied funds for an expert witness to question D.W. and refute the state's expert. Doc. 20 at 12. But Plaintiff never requested the appointment of an expert in the trial court (Doc. 15-1 at 4-14), nor did he raise the issue on either direct appeal or his post-conviction relief

---

[1] Even if Petitioner had raised this argument in state court, it would fail here because the Ninth Circuit Court of Appeals vacated the case on which he bases his argument. *See May v. Ryan*, 766 Fed. Appx. 505, 506-07 (9th Cir. 2019) ("Because we do not reach the constitutionality of the Arizona child molestation statute, we vacate the district court's judgment in that respect.").

proceedings (Docs. 15-11 at 132, 166; 15-5 at 62; 15-12 at 2). Because Petitioner failed to exhaust this claim in state court, it is procedurally defaulted.

### 3. Objection Regarding the Cause and Prejudice Determination.

Petitioner also generally objects to Judge Fine's finding that he failed to establish either cause or prejudice for his defaults. Doc. 20 at 14. Petitioner argues there is cause and prejudice based on his retention of a fraudulent law firm. Doc. 20-1 at 1, 10. Petitioner claims that this law firm deceived him into believing that it was working on his case for approximately two years. *Id.* at 1-2. But Petitioner did not retain this firm until *after* he had procedurally defaulted the objections he makes here. *See* Doc. 1 at 11. The earliest correspondence with this firm that Petitioner presents is from June 2017. Doc. 20-1 at 11. Petitioner's direct appeal concluded with the Arizona Supreme Court denying review on March 20, 2013 (Doc. 15-11 at 181), and his post-conviction proceeding concluded with the Arizona Court of Appeals denying relief on August 2, 2016 (Doc. 15-12 at 34). Because Petitioner did not retain this firm until after he failed to present his claims in state court, the Court will accept Judge Fine's recommendation that there was no excuse for his procedural defaults.

### 4. Other Objections.

Petitioner makes several other arguments regarding perceived shortcomings of his trial (Doc. 20 at 9-12), but makes no direct objection to any specific portion of Judge Fine's R&R. The Court is required to review only the "portion of the magistrate judge's disposition to which specific written objection has been made[.]" Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Objections that do not explain the source of alleged error, but instead object generally to the entirety of a magistrate judge's report, have "the same effect as would a failure to object." *Warling v. Ryan*, No. CV 12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court accordingly will accept the remainder of Judge Fine's recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Thomas*, 474 U.S at 149; *Reyna-Tapia*, 328 F.3d at 1121.

Petitioner also makes two arguments that were never presented in his habeas petition. First, he alleges prosecutorial misconduct because the trial court prosecutor claimed that Petitioner only had sex with his wife once or twice per year (Doc. 20-1 at 3) and did not "contribute to family income" (*Id.*). Second, Petitioner argues that he never admitted to having sexual relations with D.W. (Doc. 20 at 12-13). A party is not entitled to a review of arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001). Petitioner makes no effort to explain why he did not raise these arguments in either his original habeas petition (Doc. 1) or its supplement (Doc. 4). In its discretion, the Court will not consider these new arguments.

**IT IS ORDERED:**

1. Magistrate Judge Deborah M. Fine's R&R (Doc. 19) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Docs. 1, 4) is **denied**.
3. A certificate of appealability is **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
4. The Clerk is directed to **terminate** this action.

Dated this 17th day of October, 2019.

David G. Campbell
Senior United States District Judge